JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

18-CV-3829

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Erianna Lott-Beckles and Nigel Beckles

## DEFENDANTS
Stillwater Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Duval County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Allan J. Aigeldinger, III, Esquire
19 S. 21st Street, Phila, PA 19103

Attorneys *(If Known)*
Jennie Philip, Esquire
2000 Market Street, Suite 2300, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ❏ 1 | U.S. Government Plaintiff | ☑ 3 | Federal Question *(U.S. Government Not a Party)* |
| ❏ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ☐ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | New Drug Application | ❏ 470 Racketeer Influenced and |
| Student Loans | ❏ 340 Marine | Injury Product | | ❏ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 863 DIWC/DIWW (405(g)) | Exchange |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | Relations | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | | ❏ 893 Environmental Matters |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | ❏ 895 Freedom of Information |
| | Medical Malpractice | | Leave Act | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 899 Administrative Procedure |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | ❏ 950 Constitutionality of |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | State Statutes |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ❏ 1 Original Proceeding | ☒ 2 Removed from State Court | ❏ 3 Remanded from Appellate Court | ❏ 4 Reinstated or Reopened | ❏ 5 Transferred from Another District *(specify)* | ❏ 6 Multidistrict Litigation - Transfer | ❏ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332; 28 U.S.C. section 1441 and 1446

Brief description of cause:
Property damage claim

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER   SEP - 7 2018

DATE  9/6/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

18 -3829

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff _____ 6600 Ditman Street, Philadelphia, PA  19135 _____

Address of Defendant: _____ 4905 Belfort Road, Suite 110, Jacksonville, FL  32256-6007 _____

Place of Accident, Incident or Transaction: _____ 6600 Ditman Street, Philadelphia, PA  19135 _____

---

**RELATED CASE, IF ANY:**

Case Number _____  Judge _____  Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 9/6/18 _____ _____ 207631

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I D # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10 Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify)* _____

**B.** *Diversity Jurisdiction Cases:*

- ☑ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☑ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability  Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, Jennie Philip, Esquire _____, counsel of record *or* pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

SEP -7 2018

DATE 9/6/18 _____ _____ 207631

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I D # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P  38

Civ 609 (5/2018)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ERIANNA LOTT-BECKLES AND | : | CIVIL ACTION |
| NIGEL BECKLES | : | |
| v. | : | |
| | : | |
| STILLWATER INSURANCE COMPANY | : | NO.  18 - 3829 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus-Cases brought under 28 U.S.C. §2241through §2255.              ( )

(b)   Social Security-Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                      ( )

(c)   Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)   Asbestos-Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                               ( )

(e)   Special Management-Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                  ( )

(f)   Standard Management--Cases that do not fall into any one of the other tracks.  (x)

| | | |
|---|---|---|
| 9/6/18 | Jennie Philip | Jennie Philip |
| Date | Attorney-at-law | Attorney for Defendant |

| | | |
|---|---|---|
| (215) 575-2781 | 215-575-0856 | jjphilip@mdwcg.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02

SEP - 7 2018



## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIANNA LOTT-BECKLES          :
    AND                   :
NIGEL BECKLES                 :
                          :
    vs.                   :          CIVIL DOCKET NO:
                          :
STILLWATER INSURANCE COMPANY  :          18-3829
    AND                   :
STILLWATER INSURANCE SERVICES, INC.  :
    AND                   :
STILLWATER INSURANCE GROUP    :
_____ :

### NOTICE OF REMOVAL

**TO:   THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendant, Stillwater Insurance Company by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby files this Notice of Removal of this case from the Court of Common Pleas of Philadelphia County, Pennsylvania, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania on the basis of diversity jurisdiction, and in support thereof avers as follows:

1.  Plaintiffs, Erianna Lott-Beckles and Nigel Beckles, commenced this action against Defendant by Complaint filed on July 30, 2018 in the Court of Common Pleas of Philadelphia County, Pennsylvania, docketed as Case Number 180703325.  (A copy of the Complaint is attached hereto and marked as Exhibit "A").

2.  The Complaint states that Plaintiffs, Erianna Lott-Beckles and Nigel Beckles, are adults individual who reside at 6600 Ditman Street, Philadelphia, PA 19135.  The subject of the complaint is related to a loss that occurred to the property owned by the Plaintiff located 6600 Ditman Street, Philadelphia, PA 19135.  (Exhibit "A" ¶1)  Therefore, upon information and belief, Plaintiffs are citizens of the Commonwealth of Pennsylvania.

SEP -7 2018

3.  Defendant, Stillwater Insurance Company is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 4905 Belfort Road, Suite 110, Jacksonville, FL 32256-6007.

4.  Plaintiffs' Complaint asserts a claim for breach of contract arising out of a homeowner's policy issued by Defendant, Stillwater Insurance Company. (Exhibit "A") .

5.  This Honorable Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1332 based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

6.  The present lawsuit is accordingly removable from the state court to the United States District Court pursuant to 28 U.S.C. §§ 1441 and 1446 .

7.  Pursuant to 28 U.S.C. § 1446(b), Defendant has timely removed this case.  Where cases are not originally removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other papers from which it may first be ascertained that the case is one which is or has become removable…" 28 U.S.C. § 1446(b).

8.  In their Complaint, Plaintiffs have demanded a judgment in the amount in excess of $50,000.00 in connection with the claim for breach of contract. (Exhibit "A").  Further, plaintiffs are seeking extra-contractual damages in Count II of their Complaint, specifically under §8371, bad faith.

9.  As such, this Honorable Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1332 based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

10.  This Notice of Removal ("Notice") is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within thirty days of August 10, 2018, the date on which the Complaint was served.

11.   Written notice of the filing of this Notice of Removal has been given to the adverse party in accordance with 28 U.S.C. §1446(d) and as noted in the attached Certificate of Service.

12.   Promptly after filing with this Honorable Court and with the assignment of a Civil Action Number, a copy of this Notice of this Removal will be filed with the Court of Common Pleas of Philadelphia County, Pennsylvania in accordance with 28 U.S.C. § 1446(d).

13.   Copies of all process, pleadings and other Orders which have been received by Defendant in this action are filed herewith.

**WHEREFORE**, Defendant, Stillwater Insurance Company respectfully requests that it may affect the Removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By _____

Jennie Philip, Esquire
2000 Market Street, Ste. 2300
Philadelphia, PA 19103
(215) 575-2781
jjphilip@mdwcg.com
Attorney for Defendant

Date: ___September 7, 2018

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIANNA LOTT-BECKLES      :
    AND            :
NIGEL BECKLES         :
               :
   vs.            :    CIVIL DOCKET NO:
               :
STILLWATER INSURANCE COMPANY   :
    AND            :
STILLWATER INSURANCE SERVICES, INC. :
    AND            :
STILLWATER INSURANCE GROUP     :
_____ :

## CERTIFICATION

I, Jennie Philip, Esquire, hereby certify that the facts set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief.

### MARSHALL DENNEHEY WARNER
### COLEMAN & GOGGIN

BY:_____ _____
        JENNIE PHILIP, ESQUIRE
        Identification Number: 207631
        JAMES H. COLE, ESQUIRE
        Identification Number: 84039
        2000 Market Street, 23rd Floor
        Philadelphia, PA  19103
        Phone: (215) 575-2781/Fax: (215) 575-0856
        E-mail:  jjphilip@mdwcg.com/
           jhcole@mdwcg.com
        Attorneys for Defendant,
        Stillwater Insurance Company

Dated:  September 7, 2018

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIANNA LOTT-BECKLES          :
    AND                       :
NIGEL BECKLES                 :
                                        :
    vs.                        :  CIVIL DOCKET NO:
                                        :
STILLWATER INSURANCE COMPANY   :
    AND                       :
STILLWATER INSURANCE SERVICES, INC.   :
    AND                       :
STILLWATER INSURANCE GROUP     :
_____ :

## CERTIFICATE OF SERVICE

I, Jennie Philip, Esquire, attorney for defendant, Stillwater Insurance Company hereby certify that a true

and correct copy of the foregoing Notice of Removal was served upon the following party via U.S. Mail and/or

Electronic Mail on the date below:

Allan J. Aigeldinger, III, Esquire
Law Offices of Craig A. Altman, Esquire
19 S. 21st Street
Philadelphia, PA  19103

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY:_____

        JENNIE PHILIP, ESQUIRE
        Identification Number: 207631
        JAMES H. COLE, ESQUIRE
        Identification Number: 84039
        2000 Market Street, 23rd Floor
        Philadelphia, PA  19103
        Phone: (215) 575-2781/Fax: (215) 575-0856
        E-mail:  jjphilip@mdwcg.com/
                 jhcole@mdwcg.com
        Attorneys for Defendant,
        Stillwater Insurance Company

Dated: September 7, 2018

# EXHIBIT A

CRAIG A ALTMAN

ALLAN J AIGELDINGER, III
AJAIGELDINGER@HOTMAIL COM

CORY A. TROBMAN
CTROBMAN@ALTMAN-LAWFIRM COM

ELI S LEVINE
ELEVINE@ALTMAN LAWFIRM COM

PLEASE REPLY TO PHILADELPHIA OFFICE

LAW OFFICES

*Craig A. Altman, P.C.*

A PROFESSIONAL CORPORATION
19 SOUTH 21ST STREET
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-4488

FAX (215) 569-8610

CAMDEN CO OFFICE
COOPER RIVER LAW BLDG
6951 NORTH PARK DRIVE
PENNSAUKEN, NJ 08109

CUMBERLAND CO OFFICE
SUITE 103
1173 EAST LANDIS AVENUE FRONT
VINELAND, NEW JERSEY 08360
(856) 327-8899

MEMBERS OF THE FIRM ARE
LICENSED TO PRACTICE IN
PA, NJ

August 7, 2018

**Certified & First Class Mail**
Stillwater Insurance Group
4905 Belford Road, Suite 110
Jacksonville, FL 32256-6007

     RE:    Erianna Lott-Beckles, et al. v. Stillwater Insurance Company, et al.

Dear Sir/Madam:

     Enclosed please find a time-stamped copy of the Complaint filed against you in the above-captioned matter, please send the Complaint to whom is handling this matter, either your attorney or your insurance company. Please note you have 20 days in which to file a responsive pleading or a Default Judgment can and will be filed against you.

     Very truly yours

     ALLAN J. AIGELDINGER, III, ESQUIRE

AJA/tlf
Enclosures

..... ..... ..... of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JULY 2018**

**003325**

E-Filing Number 1807065088

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ERIANNA LOTT-BECKLES | STILLWATER INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 6600 DITMAN STREET<br>PHILADELPHIA PA 19135 | 4905 BELFORT ROAD SUITE 110<br>JACKSONVILLE FL 32256-6007 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| NIGEL BECKLES | STILLWATER INSURANCE SERVICES, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 6600 DITMAN STREET PHILADELPHIA<br>PHILADELPHIA PA 19135 | 4905 BELFORT ROAD SUITE 110<br>JACKSONVILLE FL 32256-6007 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | STILLWATER INSURANCE GROUP |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 4905 BELFORT ROAD SUITE 110<br>JACKSONVILLE FL 32256-6007 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 3 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000 00 or less<br>[X] More than $50,000 00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other | [ ] Mass Tort<br>[X] Savings Action<br>[ ] Petition | [X] Commerce<br>[ ] Minor Court Appeal<br>[X] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

1J - BAD FAITH

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED**
**PRO PROTHY**

JUL 30 2018

**M. BRYANT**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES      NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>ERIANNA LOTT-BECKLES , NIGEL BECKLES</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ALLAN J. AIGELDINGER III | 19 S 21ST ST<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)569-4488 | (215)569-8610 |

| SUPREME COURT IDENTIFICATION NO | E-MAIL ADDRESS |
|---|---|
| 72739 | ajaigeldinger@hotmail.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| ALLAN AIGELDINGER III | Monday, July 30, 2018, 03:33 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

*MAJOR NON-JURY*
*ASSESSMENT OF DAMAGES,*
*IS REQUIRED*

Filed and Attested by the
Office of Judicial Records
30 JUL 2018 03:33 pm
H. BRYANT

LAW OFFICES OF CRAIG A. ALTMAN, ESQUIRE
BY:  ALLAN J. AIGELDINGER, III, ESQUIRE
I.D. #:   72739
19 S. 21st STREET
PHILADELPHIA, PA  19103
(215)569-4488

ATTORNEY FOR
PLAINTIFF(S)

| | |
|---|---|
| ERIANNA LOTT-BECKLES | : PHILADELPHIA COUNTY COURT OF |
| 6600 DITMAN STREET | : COMMON PLEAS |
| PHILADELPHIA, PA 19135 | : |
| AND | :              TERM, 2018 |
| NIGEL BECKLES | : NUMBER: |
| 6600 DITMAN STREET | : |
| PHILADELPHIA, PA  19135 | : |
| VS. | : |
| STILLWATER INSURANCE COMPANY | : |
| 4905 BELFORT ROAD | : |
| SUITE 110 | : |
| JACKSONVILLE, FL 32256-6007 | : |
| AND | : |
| STILLWATER INSURANCE | : |
| SERVICES, INC. | : |
| 4905 BELFORT ROAD | : |
| SUITE 110 | : |
| JACKSONVILLE, FL 32256-6007 | : |
| AND | : |
| STILLWATER INSURANCE GROUP | : |
| 4905 BELFORT ROAD | : |
| SUITE 110 | : |
| JACKSONVILLE, FL 32256-6007 | : |

## COMPLAINT IN CIVIL ACTION

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff  You may lose money or property or other rights important to you.

Case ID: 180703325

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.   THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

      PHILADELPHIA BAR ASSOCIATION

      LAWYER REFERRAL and INFORMATION SERVICE

      One Reading Center

      Philadelphia, Pennsylvania 19107

      (215) 238-6333

      TTY. (215) 451-6197

ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

      ASSOCIACION DE LICENDIADOS DE FILADELFIA

      SERVICIO DE REFENCIA E INFORMACION LEGAL

      One Reading Center

      Filadelfia, Pennsylvania 19107

      Teléfono  (215) 238-6333

        TTY  (215) 451-6197

Case ID: 180703325

1.     Plaintiff ERIANNA LOTT-BECKLES (hereinafter referred to as "P1") is an adult individual who, at all times relevant hereto is a citizen of the Commonwealth of Pennsylvania residing at the above captioned address.

2.     Plaintiff NIGEL BECKLES (hereinafter referred to as "P2") is an adult individual who, at all times relevant hereto is a citizen of the Commonwealth of Pennsylvania residing at the above captioned address.

3.     Defendant STILLWATER INSURANCE COMPANY (hereinafter referred to as "D1") is a business entity licensed to transact business by virtue of the laws of the Commonwealth of Pennsylvania which regularly conducts business in the City and County of Philadelphia in the Commonwealth of Pennsylvania, with a principle place of business at the above captioned address.

4.     Defendant STILLWATER INSURANCE SERVICES, INC. (hereinafter referred to as "D2") is a business entity licensed to transact business by virtue of the laws of the Commonwealth of Pennsylvania which regularly conducts business in the City and County of Philadelphia in the Commonwealth of Pennsylvania, with a principle place of business at the above captioned address.

5.     Defendant STILLWATER INSURANCE GROUP (hereinafter referred to as "D3") is a business entity licensed to transact business by virtue of the laws of the Commonwealth of Pennsylvania which regularly conducts business in the City and County of Philadelphia in the Commonwealth of Pennsylvania, with

a principle place of business at the above captioned address.

6.   At all times material hereto defendant D1 and/or defendant D2 and/or defendant D3 acted and or failed to act by and though their agents, servants, workmen and/or employees who was acting and/or failing to act in the course and scope of their employment.

7.   At all times relevant hereto, P1 and P2 were the named insured's under a homeowners insurance policy number NP5-76946 issued to P1 and P2 by defendant D1 and/or defendant D2 and/or defendant D3.  A copy of the policy is not attached hereto as it is in the exclusive possession of the defendants who have failed and refused to provide a copy of same to the plaintiff.

8.   P1 and P2 paid the stipulated premiums to defendant D1 and/or defendant D2 and/or defendant D3 upon the aforementioned homeowners' insurance policy.

9.   On August 1, 2016 P1 and P2 suffered a non-weather water loss to their property located at 6600 Ditman Street, Philadelphia, Pa 19135.  Said property was listed on, and covered under, the aforementioned homeowners' insurance policy.

10.   As a result of the non-weather water loss to their property located at 6600 Ditman Street, Philadelphia, Pa 19135, P1 and P2 suffered damages including but not limited to damage to the dwelling located on the property, loss and damage to personal property and loss of use of the property and dwelling thereon.

Case ID: 180703325

**COUNT I**
**PLAINTIFF P1 AND PLAINTIFF P2 VS. DEFENDANT D1**
**BREACH OF CONTRACT**

11.   Plaintiff incorporates by reference the averments of all of the preceding paragraphs as though fully set forth at length herein.

12.   The aforementioned homeowners' insurance policy entered into between P1 and P2 and the defendant constitutes a valid and enforceable contract between the parties.

13.   Under the aforementioned homeowners' insurance policy the defendant is required to provide to the plaintiff dwelling coverage, personal property coverage and loss of use coverage in an unknown amount because the defendant has failed and refused to provide P1 and P2 with the amount of the coverage to which they are entitled.

14.   The P1 and P2 are is eligible for the dwelling coverage, personal property coverage and loss of use coverage under the aforementioned homeowners' insurance policy and has complied and cooperated with the defendant's requirements to obtain said benefits.

15.   The defendant has failed and refused to provide dwelling coverage, personal property coverage and loss of use coverage to the plaintiff.

16.   Defendant's failure and refusal to pay Plaintiff the dwelling coverage, personal property coverage and loss of use coverage under the aforementioned homeowners' insurance policy is a

Case ID: 180703325

material breach of the Agreement.

17.  Plaintiff is entitled to recover all damages naturally and proximately resulting from Defendant's breach of contract.

18.  As a direct and proximate result of Defendant's material breach of the Agreement, Plaintiff has sustained damages, exclusive of interest, attorney's fees and costs of suit.

WHEREFORE, Plaintiffs, demands damages against Defendant, in amount in excess of fifty thousand dollars ($50,000.00), plus counsel fees, costs and interest.  This amount is in excess of this jurisdictions compulsory arbitration limits.

## COUNT II
### PLAINTIFF P1 AND PLAINTIFF P2 VS. DEFENDANT D2
### BREACH OF CONTRACT

19.  Plaintiff incorporates by reference the averments of all of the preceding paragraphs as though fully set forth at length herein.

20.  The aforementioned homeowners' insurance policy entered into between P1 and P2 and the defendant constitutes a valid and enforceable contract between the parties.

21.  Under the aforementioned homeowners' insurance policy the defendant is required to provide to the plaintiff dwelling coverage, personal property coverage and loss of use coverage in an unknown amount because the defendant has failed and refused to provide P1 and P2 with the amount of the coverage to which they are entitled.

22.  The P1 and P2 are is eligible for the dwelling

Case ID: 180703325

coverage, personal property coverage and loss of use coverage under the aforementioned homeowners' insurance policy and has complied and cooperated with the defendant's requirements to obtain said benefits.

23.   The defendant has failed and refused to provide dwelling coverage, personal property coverage and loss of use coverage to the plaintiff.

24.   Defendant's failure and refusal to pay Plaintiff the dwelling coverage, personal property coverage and loss of use coverage under the aforementioned homeowners' insurance policy is a material breach of the Agreement.

25.   Plaintiff is entitled to recover all damages naturally and proximately resulting from Defendant's breach of contract.

26.   As a direct and proximate result of Defendant's material breach of the Agreement, Plaintiff has sustained damages, exclusive of interest, attorney's fees and costs of suit.

WHEREFORE, Plaintiffs, demands damages against Defendant, in amount in excess of fifty thousand dollars ($50,000.00), plus counsel fees, costs and interest.  This amount is in excess of this jurisdictions compulsory arbitration limits.

## COUNT III
### PLAINTIFF P1 AND PLAINTIFF P2 VS. DEFENDANT D3
### BREACH OF CONTRACT

27.   Plaintiff incorporates by reference the averments of all of the preceding paragraphs as though fully set forth at length herein.

Case ID: 180703325

28.   The aforementioned homeowners' insurance policy entered into between P1 and P2 and the defendant constitutes a valid and enforceable contract between the parties.

29.   Under the aforementioned homeowners' insurance policy the defendant is required to provide to the plaintiff dwelling coverage, personal property coverage and loss of use coverage in an unknown amount because the defendant has failed and refused to provide P1 and P2 with the amount of the coverage to which they are entitled.

30.   The P1 and P2 are is eligible for the dwelling coverage, personal property coverage and loss of use coverage under the aforementioned homeowners' insurance policy and has complied and cooperated with the defendant's requirements to obtain said benefits.

31.   The defendant has failed and refused to provide dwelling coverage, personal property coverage and loss of use coverage to the plaintiff.

32.   Defendant's failure and refusal to pay Plaintiff the dwelling coverage, personal property coverage and loss of use coverage under the aforementioned homeowners' insurance policy is a material breach of the Agreement.

33.   Plaintiff is entitled to recover all damages naturally and proximately resulting from Defendant's breach of contract.

34.   As a direct and proximate result of Defendant's material breach of the Agreement, Plaintiff has sustained damages, exclusive

of interest, attorney's fees and costs of suit.

WHEREFORE, Plaintiffs, demands damages against Defendant, in amount in excess of fifty thousand dollars ($50,000.00), plus counsel fees, costs and interest. This amount is in excess of this jurisdictions compulsory arbitration limits.

## COUNT IV
## PLAINTIFF P1 and PLAINTIFF P2 v. DEFENDANT D1
### BAD FAITH

35.    Plaintiff incorporates paragraphs 1 through 34 as though same were set forth herein at length.

36.    In violation of the policies and laws of the Commonwealth of Pennsylvania, the defendant unreasonably, unfairly and in bad faith withheld and/or unreasonably delayed payment of the dwelling coverage, personal property coverage and loss of use coverage to which plaintiffs are entitled.   The wrongful conduct consisted of the following:

a)    Failing to objectively and fairly evaluate plaintiffs' claim;

b)    Unreasonably delaying the objective and fair evaluation of plaintiffs' claim;

c)    Causing unreasonable delays in all aspects of the handling of plaintiffs' claim;

d)    Dilatory and abusive claims handling;

e)    Conducting an unfair, unreasonable and dilatory investigation of plaintiffs' claim;

f)    Failing to assign adequately experienced and/or

Case ID: 180703325

qualified claims adjusters to the claim;

g)   Compelling the plaintiff to seek legal redress by
     forcing plaintiff to commence civil action to
     recover underinsured motorist benefits to which he is
     entitled;

h)   Failing to make dwelling coverage, personal property
     coverage and loss of use coverage payments on behalf of
     the plaintiffs at a time when defendant knew that
     plaintiffs were entitled to said payment under the
     terms of the aforementioned homeowners' insurance
     policy;

i)   Withholding payments to the plaintiffs knowing
     plaintiffs claims for dwelling coverage, personal
     property coverage and loss of use coverage benefits
     under said homeowners' insurance policy to be valid;

37.   In light of the conduct summarized above, defendant
lacked a reasonable basis for denying and/or delaying benefits to
plaintiffs and knew of or recklessly disregarded its lack of a
reasonable basis.

38.   In light of the conduct summarized above, defendant has
violated the policy's implied covenant of good faith and fair
dealing and/or has committed the tort of bad faith, including but
not limited to violating 42 Pa. C.S.A. §8371 for which the
defendant is liable for interest on the claim from the date the
claim was made in an amount equal to the prime rate of interest

plus three percent (3%), court costs, attorney fees, punitive damages and such other compensatory damage and/or consequential damages allowed by law.

**WHEREFORE**, plaintiffs demands judgment in their favor and against defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with punitive damages, costs, interest and attorney fees and such other relief as the Court deems just and proper. Said amount is in excess of this jurisdictions compulsory arbitration limits.

### COUNT V
### PLAINTIFF P1 and PLAINTIFF P2 v. DEFENDANT D2
### BAD FAITH

39. Plaintiff incorporates paragraphs 1 through 38 as though same were set forth herein at length.

40. In violation of the policies and laws of the Commonwealth of Pennsylvania, the defendant unreasonably, unfairly and in bad faith withheld and/or unreasonably delayed payment of the dwelling coverage, personal property coverage and loss of use coverage to which plaintiffs are entitled. The wrongful conduct consisted of the following:

   a)   Failing to objectively and fairly evaluate
        plaintiffs' claim;

   b)   Unreasonably delaying the objective and fair
        evaluation of plaintiffs' claim;

   c)   Causing unreasonable delays in all aspects of the
        handling of plaintiffs' claim;

Case ID: 180703325

VERIFICATION

I, Allan J. Aigeldinger, III, hereby state I am the attorney for the plaintiff in this action. I verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief. I understand that the statements made in said document are made subject to the penalties of 18 Pa.C.S. sec. 4904 relating to unsworn falsifications to authorities.

/S/

Allan J. Aigeldinger, III, Esquire

Dated: 7/30/18

Case ID: 180703325